IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMILY EDWARDS, et al. : CIVIL ACTION
:
:
v. :
:
OFFICER CHERYL NEWTON, et al. : NO. 11-7785

MEMORANDUM AND ORDER

L. Felipe Restrepo                                                              June 25, 2013
United States District Court Judge

On December 22, 2011, Plaintiff Emily Edwards filed a complaint on behalf of herself and her minor child, Bobby Edwards, against a number of individual City of Philadelphia police officers, alleging civil rights violations, pursuant to 42 U.S.C. § 1983, and a number of pendent state law claims. Plaintiff also asserted a claim against the City of Philadelphia, by and through its executive officers, Charles H. Ramsey and Michael Nutter, contending that the City had a policy, practice or custom of allowing officers to violate citizens' constitutional rights. Presently before the Court is Defendants City of Philadelphia, Mayor Michael Nutter, Charles Ramsey, Thomas Howe, Thomas Lauf, Marc Moreau, and Joseph McGarry's Motion for Summary Judgment (Doc. 22) (hereinafter cited as "Def.'s Memo"), and Plaintiff's response thereto (Doc.23) (hereinafter cited as "Pl.'s Resp.").[1] For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

---

[1] No motion was presented on behalf of Defendants Cheryl Newtown, Vivianna Reyes, or Andrea Westbrook.

## I. BACKGROUND

Plaintiff Emily Edwards alleges that at approximately 9:45 p.m., on June 21, 2010, Officers Cheryl Newton, Thomas Howe, and Marc Moreau, arrived at Plaintiff's home, 1628 N. 55th Street in response to a 9-1-1 call, and ordered Plaintiff out of her apartment and into the hallway, while removing by force from her arms her then two-year-old son, Bobby Edwards. Plaintiff contends that the arresting officers then proceeded to assault her by punching and striking her repeatedly, kneeing her in the back, and slamming her ankle in the door of a police automobile, causing extensive bruising to her foot, face, arms, and legs. The arresting officers then transported Plaintiff to the Nineteenth District Precinct, where Defendant Reyes allegedly assaulted Plaintiff by striking and choking her and Defendant Westbrook threatened to kill her. Plaintiff further alleges that Officers Newton and Moreau lifted her dress above her head and forced her to remain in a state of undress through the cell area of the building in front of other officers and individuals who were in custody. As a result of the said acts of the Defendant officers, Plaintiff alleges that she suffered physical pain and suffering and emotional trauma and suffering.

Plaintiff's Complaint, filed on December 22, 2011, names as individual defendants Officers Cheryl Newton, Marc Moreau, Thomas Howe, Thomas Lauf, Joseph McGarry, Vivianna Reyes, and Andrea Westbrook. Plaintiff also names the City of Philadelphia, by and through its executive officers, Mayor Michael Nutter and Police Commissioner Charles H. Ramsey, as a defendant in this matter and asserts a claim of municipal liability, pursuant to 42 U.S.C. § 1983. (Pls.' Compl. 5-7). Defendants City of Philadelphia, Moreau, Howe, Lauf, McGarry, Nutter and Ramsey now move for summary judgment on all of Plaintiff's claims.

## II. LEGAL STANDARD

Summary judgment is appropriately granted only where the moving party establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Levy v. Sterling Holding Co., 544 F.3d 493, 501 (3d Cir. 2008). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Only a factual dispute that is both genuine and material will defeat a motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute can be considered "genuine" if the evidence is such that a reasonable jury could possibly return a verdict for the non-moving party. See id. A dispute can be considered "material" if it would affect the outcome of the matter under governing substantive law. Id.

In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Prowel v. Wise Bus. Forms, 32 F.3d768, 777 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000); see also Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 665 (3d Cir. 2002).

## III. DISCUSSION

**A. Counts One and Two – 42 U.S.C. § 1983 Against Individual Defendants**

Defendants first argue that they are entitled to summary judgment on Plaintiffs' § 1983

claims because the record shows they did not violate Plaintiffs' constitutional rights as a matter of law. Plaintiff asserts in Counts One and Two of her Complaint that her rights under the Fourth, Fifth, and Fourteenth Amendments were violated by the named defendants.

**1. Officers Howe, Lauf, and McGarry**

With respect to Officers Howe, Lauf, and McGarry, Plaintiff has presented no evidence that these defendants had any physical contact with Plaintiff or Plaintiff's son. Plaintiff testified that officer Cheryl Newton and two other female officers were the only officers who made physical contact with her. See Plaintiff's Deposition Transcript pp. 45-46 (Doc. 22 Ex. A). Officers Howe, Lauf, and McGarry are male officers. Moreover, it is undisputed that these Defendants were not involved in Plaintiff's arrest and that the only officer to have contact with Bobby Edwards was Officer Moreau. Because Plaintiff has presented no evidence that Defendants Howe, Lauf, and McGarry came into contact with Plaintiff and her son or were involved in her arrest, all claims in Counts One and Two against Defendants Howe, Lauf, and McGarry are dismissed.

**2. Officer Moreau**

With respect to Officer Moreau, Plaintiff has presented sufficient evidence to survive summary judgment on her false arrest claim alleging Officer Moreau, together with Officer Newton, arrested her without probable cause in violation of her Fourth Amendment right to be free from unreasonable seizures. See James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) ("To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause.").

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). A determination of probable cause must consider the totality of the circumstances and assess the knowledge of the police officer at the time of the arrest in conjunction with the factual occurrences immediately leading to the arrest. Illinois v. Gates, 462 U.S. 213, 230-31 (1983); United States v. Stubbs, 281 F.3d 109, 122 (3d Cir. 2002).

It is undisputed that Officer Moreau, together with Officer Newton, arrested Plaintiff. Moreover, a jury could conclude, based on the evidence Plaintiff has produced, that Officers Moreau and Newton lied about the events leading to the Plaintiff's arrest as a way to justify their actions. Because factual dispute exists as to Plaintiff's false arrest claims against Officer Moreau, summary judgment is denied.

With respect to Bobby Edwards claims against Defendant Moreau, we grant summary judgment. While it is undisputed that the Constitution protects a parent's fundamental liberty interest in the care, custody and management of his or her children, Lehr v. Robertson, 463 U.S. 248, 258 (1983), Plaintiff has failed to sufficiently allege that this liberty interest was violated when Officer Moreau removed the minor child from his mother's arms during the course of an arrest or that Officer Moreau's actions rose to the level of excessive forece. This is especially true where, as here, the minor remained at Plaintiff's home until Plaintiff's mother (the minor's grandmother) took custody of him; he was not taken to the district or subjected to any further physical contact; and Plaintiff further admits that the child, who was two years old at the time, did not require any kind of medical treatment or counseling as a result of the incident.

**B. Count Three - Plaintiffs State Law Claim of Assault and Battery Against Howe and Moreau**

Defendants' next seek to dismiss Plaintiff's state law claims of assault and battery against Defendants Howe and Moreau. "Assault is an intentional attempt by force to do an injury to the person of another." Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994). Battery arises when "the violence menaced in an assault is actually done." Id. "In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery." Id.

Plaintiff testified that officer Cheryl Newton and two other female officers were the only officers who made physical contact with her. See Plaintiff's Deposition Transcript pp. 45-46 (Doc. 22 Ex. A). Officer Howe and Moreau are both male officers. Moreover, it is undisputed that officer Howe did not participate in Plaintiff's arrest. And while Officer Moreau assisted in handcuffing Plaintiff, Plaintiff testified that he did not strike her at all. Because the evidence in the record fails to sufficiently support an assault and battery claim against Officers Moreau and Howe, the Court grants summary judgment on these claims with respect to these defendants.

**C. Counts Four and Five - Plaintiff's State Law Claims of False Arrest and Imprisonment**

Defendants next argue that there is insufficient evidence to support claims of False Arrest and Imprisonment against Officer Howe. We agree. As discussed above, there is no evidence that Officer Howe as involved in Plaintiff's arrest, or the alleged seizure of Bobby Edwards.

Accordingly, we grant summary judgment on these claims with respect to Officer Howe.

Defendants also argue that there is insufficient evidence to support Bobby Edwards claim of False Imprisonment. As discussed above, Officer Moreau was the only Defendant to have contact with the minor child, and such contact was limited to removing the minor from his mother's arms as she was being arrested. Bobby Edwards remained in his home until his grandmother arrived and took custody of him.

**D. Counts Six and Seven -Claims Against the City of Philadelphia**

Under the Supreme Court's holding in Monell v. Department of Social Services, 436 U.S. 658 (1978), plaintiffs may bring claims against municipal defendants pursuant to 42 U.S.C. § 1983. However, the Court held in Monell that municipalities cannot be held liable for the acts of their employees based on the theory of *respondeat superior*. Id. at 691. Rather, to impose liability against a municipality, a plaintiff must first prove the existence of a "policy" or "custom" of that municipality, which ultimately caused the constitutional violation or violations at issue. See Pembaur v. City of Cincinnnati, 475 U.S. 469 (1986); Owen v. City of Independence, Mo., 445 U.S. 622 (1980). In other words, to establish a Monell claim, a plaintiff must establish that: (1) the municipality maintained a policy or custom that deprived her of her constitutional rights; (2) the municipality acted deliberately and was the "moving force" behind the deprivation of plaintiff's rights; and (3) plaintiff's injury was caused by that policy or custom of the municipality. Bd. of the Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997). A "policy" is an official statement or proclamation made by an individual with the final authority to make such a decision. Kelly v. Borough of Carlisle, 622 F.3d 248, 263 (3d Cir.

7

2010). A "custom" is a well-settled practice of government officials that virtually constitutes law, although not specifically authorized by a written law. Id.

Defendants move for summary judgment on Plaintiff's Monell claim on the grounds that Plaintiff has offered no evidence in support of her allegation that the City of Philadelphia maintained a policy or custom which ultimately caused the constitutional violations at issue. In response, Plaintiff argues that "the City of Philadelphia . . . gives police impunity to beat and arrest at will, with an unwritten policy that officers are free to arrest everyone they like. . ." and "if officers involved in an illegal arrest can support a conviction, they will be permitted to do so." According to Plaintiff, that alleged policy, in combination with "publicly available information" supporting "an underlying pattern in an enormous percentage of the police brutality cases," (Pl.'s Resp. at 8), is sufficient to advance to trial her Monell claim against the City of Philadelphia. We disagree.

As a matter of law, Plaintiff has not satisfied her burden. There is no evidence that the incident at bar was caused by an existing, unconstitutional policy. Moreover, Plaintiff has failed to establish the City of Philadelphia's fault and causation by more than this one incident and most importantly, has failed to produce facts which would tend to show that the City of Philadelphia knew of a pattern of constitutional violations or that such consequences were so obvious that the City's conduct can only be characterized as deliberate indifference.

Plaintiff further advances her claim of municipal liability under the theories that the City of Philadelphia failed to properly train and supervise its police officers. (Pls.' Resp. 3-4.) A municipality's failure to train or supervise its police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of individuals with

8

whom those officers come into contact. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). The "deliberate indifference" standard will be met "where a failure to train reflects a deliberate or conscious choice by a municipality." Id. at 389.

**1. Failure to train**

Generally, to show that a failure to train amounted to deliberate indifference, a plaintiff must show that the failure has caused a pattern of constitutional violations. See Bryan County, 520 U.S. at 407-09. It is possible for a plaintiff to maintain a claim of failure to train without showing a pattern of violations; however, the plaintiff will face a high burden. As the Supreme Court explained in Bryan County, a plaintiff will be required to show that the failure to train falls in the "narrow range of circumstances" where the violation of an individual's constitutional rights is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." Id. at 409.

A plaintiff may *not* establish a failure to train claim by: "(1) presenting evidence of the shortcomings of an individual; (2) proving that an otherwise sound training program occasionally was negligently administered; and (3) showing, without more, that better training would have enabled an officer to avoid the injury-causing conduct." Simmons v. City of Phila., 947 F.2d 1042, 1060 (3d Cir. 1991). A lack of adequate training is demonstrated by "a pattern of tortious conduct . . . rather than [by] a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident." Bryan County, 520 U.S. at 407-08.

Once again, Plaintiff's conclusions are based upon this singular incident, and as such, Plaintiff has not satisfied her burden to show that a failure to train Philadelphia Police

9

Department officers amounted to "deliberate indifference" on the part of the City of Philadelphia. Plaintiff points to no specific training that the City of Philadelphia failed to provide that could have prevented the Officers alleged constitutional deprivations. At most, Plaintiff has provided evidence to support the assertion that on this one occasion, defendant Officers deprived Plaintiff of her constitutional rights. Although Plaintiff claims that the City of Philadelphia was aware of similar improper activities by officers in the past, there is no evidence in the record of any such activities. Without more, Plaintiff is unable to advance to trial on her failure to train claim against the City of Philadelphia.

### 2. Failure to supervise, discipline, or control

A municipality will only be liable on the basis of a failure to supervise if a plaintiff identifies a specific supervisory practice that the municipality failed to employ, "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents," and circumstances under which the inaction of a supervisor could be found to have communicated a message of approval to a subordinate. C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000).

Plaintiff has failed to identify any particular custom, policy, or practice of failing to supervise employees, and as such has put forth insufficient evidence to overcome summary judgment on a claim for municipal liability.

Because Plaintiff has failed to show an insufficient training or supervisory practice on the part of the City of Philadelphia, and has therefore failed to show deliberate indifference, Plaintiff cannot advance to trial on her claim of Monell liability. Accordingly, Defendant's motion for

10

summary judgment will be granted as to Plaintiff's Monell claim, and the City of Philadelphia, Defendant Nutter, and Defendant Ramsey will be dismissed as a defendants in this lawsuit.

**E. Counts Eight and Nine – Intentional Infliction of Emotional Distress**

Intentional infliction of emotional distress is a state law tort claim, and Pennsylvania substantive law governs it. See Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988). Under Pennsylvania law, a plaintiff must show conduct that is of an "extreme or outrageous type," that goes "beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized society." Id. at 395. Pennsylvania law also "requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress." Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989). Because Plaintiff has presented no evidence, competent or otherwise, that she or her son suffered emotional harm as a result of Defendants Howe, Lauf, McGarry, or Moreau's actions, granting summary judgment in their favor on this count is appropriate.

## IV. Conclusion

For the reasons stated within, Defendants' Motion for Summary Judgment is granted in part and denied in part.

An Implementing Order follows.